UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02531-AH-(MBKx) | Date | November 6, 2025 |
| Title | *Abram Soto et al. v. General Motors LLC et al.* | | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFFS' MOTION TO REMAND (DKT. NO. 16)**

Before the Court is Plaintiffs Abram and Maria Soto's ("Plaintiffs") Motion to Remand ("Motion" or "Mot."). Mot., Dkt. No. 16. Defendant General Motors LLC ("Defendant") opposes ("Opposition" or "Opp'n"). Opp'n, Dkt. No. 17. Plaintiffs replied ("Reply"). Reply, Dkt. No. 18. The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. The Court has reviewed the papers and the relevant law, and for the following reasons the Court **DENIES** Plaintiffs' Motion.

**I.    BACKGROUND**

According to Plaintiffs' complaint ("Complaint" or "Compl."), on or around May 9, 2021, Plaintiffs purchased a motor vehicle (the "Vehicle"). Compl., Dkt. No. 1-1, ¶ 9. In connection with the purchase, Plaintiffs received various warranties. *Id.* ¶ 11. During Plaintiffs' ownership of the Vehicle, the Vehicle manifested defects covered by the express warranties, including HVAC system, infotainment, steering, and engine defects. *Id.* ¶ 12. Plaintiffs delivered the

Vehicle to Defendant and/or its authorized service and repair facilities for diagnosis and repair of the defects, but Plaintiffs allege that the Vehicle was not serviced or repaired to conform to the applicable express warranties after a reasonable number of opportunities to do so. *Id.* ¶¶ 13-14.

Based on the above allegations, Plaintiffs allege violations of the Song-Beverly Consumer Warranty Act ("SBA"). California Civil Code §§ 1791.1, 1793.2, and 1794. *Id.* ¶¶ 8-33. Plaintiffs commenced this action in Los Angeles County Superior Court on May 20, 2025. *See generally id.* Plaintiffs served Defendant with a copy of the Complaint on June 3, 2025. Yang Decl., Dkt. No. 16-1, ¶ 5. Defendant filed an answer on July 2, 2025. Dkt. No. 1-2. On September 2, 2025, Plaintiff produced a copy of the purchase agreement and Plaintiffs' loan payoff history. Fitch Decl., Dkt. No. 17-1, ¶¶ 2, 4. On September 12, 2025, Defendants removed this action on the basis of diversity jurisdiction, 28 U.S.C. § 1332. *See generally* Notice of Removal ("NOR"), Dkt. No. 1. Plaintiffs filed the Motion on October 10, 2025. Dkt. No. 16.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* §§ 1331, 1332(a).

Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." This 30-day time period "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690-91 (9th Cir. 2005) (citation and internal quotation marks omitted). Notice "of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694; *accord Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013).

However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "While § 1446(b)(1) requires only a pleading that 'set[s] forth' a ground for removal to start the removal clock under the first pathway, § 1446(b)(3)'s second pathway requires an amended pleading, motion, order, or other paper from which a ground for removal may be 'ascertained.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093 (9th Cir. 2021). The "removal clock [under § 1446(b)(3)] does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Id.* at 1091. "[E]ven if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Though "defendants need not make extrapolations or engage in guesswork," they are still required "to apply a reasonable amount of intelligence in ascertaining removability," such as by "[m]ultiplying figures clearly stated in a complaint." *Kuxhausen*, 707 F.3d at 1140 (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)). Absent the triggering of any 30-day removal clock, a defendant has one year following commencement of the action to remove. 28 U.S.C. § 1446(c)(1).

Although the time limit is procedural rather than jurisdictional, it "is mandatory and a timely objection to a late petition will defeat removal." *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

### III. DISCUSSION

Plaintiffs argue that Defendant's Notice of Removal was untimely because removability was clear from the face of the Complaint.[1] Plaintiffs argue that the Complaint revealed sufficient information to calculate the amount in controversy, thus triggering the 30-day timeline, which lapsed before Defendant removed the

---

[1] Plaintiffs claim in their Notice of Motion and Introduction that there is a removable federal question under the Magnuson-Moss Warranty Act (the "MMWA"). *See* Mot. at ii, 1. However, the Complaint does not bring any causes of action under the MMWA. *See generally* Compl.

action. Mot. at 4-8. Alternatively, Plaintiffs argue that Defendant has not established that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 8-10. Defendant maintains that the deadline for removal had not been triggered and the jurisdictional threshold has been established by a preponderance of the evidence. *See* Opp'n at 12, 16.

### A. Timeliness of Removal

Plaintiffs argue that Defendant could have ascertained removability from the Complaint. However, there were no "figures clearly stated in the complaint" that Defendant could have used to determine the amount in controversy. *Kuxhausen*, 707 F.3d at 1140. Numerous courts have rejected Plaintiffs' argument that the caption page and Civil Case Cover Sheet to the Complaint invoking the state court's unlimited jurisdiction over $35,000 is sufficient to show the amount in controversy is met. *See, e.g.*, *Lopez v. Gen. Motors, LLC*, 2025 WL 2629545, *2 (C.D. Cal. Sept. 11, 2025) (collecting cases). The Civil Case Cover Sheet only requires certification that the "amount demanded exceeds $35,000."[2] There is no indication in the Complaint that this amount constitutes actual damages (for which Plaintiffs could be entitled to civil penalties and/or attorney's fees), as opposed to the total amount of damages at issue in the case.

Plaintiffs further argue that Defendant had "sophisticated knowledge of the motor vehicle industry" and the ability to investigate the value of the Vehicle given the make, model, year, and VIN included in the Complaint. Mot. at 6-7. Plaintiffs argue that this information, coupled with the relief sought in the Complaint, such as civil penalties and attorney's fees, made it possible for Defendant to plausibly allege the amount in controversy. *Id.* at 7. However, there were no relevant figures alleged in the Complaint such that Defendant could have determined the actual damages based on the initial pleading. Although Defendant may have been able to conduct its own independent investigation into Plaintiffs' actual damages, Defendant was not required to do so. Plaintiffs further argue that it presented Defendant with a copy of the vehicle sales agreement and all repair orders prior to

---

[2] Although the Notice of Removal does not attach the Civil Case Cover Sheet specifically filed in this case, nor does Plaintiff's motion despite referencing it, the Court takes judicial notice of the Civil Case Cover Sheet utilized in the Los Angeles Superior Court. Plaintiffs do not argue that any specific information was added to the Civil Case Cover Sheet's general specification regarding the "amount demanded."

filing the action. Mot. at 1; Reply at 1. However, "any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period," as "[i]t is axiomatic that a case cannot be removed before its inception." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885-86 (9th Cir. 2010). The Ninth Circuit has rejected the argument that "a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods." *Id*. at 886.

Accordingly, Defendant's September 12, 2025 removal of the action was timely because it took place within one year of commencement of the action. 28 U.S.C. § 1446(c)(1).[3]

### B.     Amount in Controversy

There does not appear to be a dispute as to whether the parties are citizens of diverse states.[4] Thus, the Court will analyze whether the amount in controversy exceeds the $75,000 amount in controversy requirement.

#### 1.     <u>Actual Damages</u>

The SBA permits actual damages in the form of restitution "in an amount equal to the actual price paid by the buyer," less the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle" for repair. Cal. Civ. Code § 1793.2(d)(2)(B)-(C). "The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the . . . repair facility for correction of the problem." *Id.* § 1793.2(d)(2)(C). "The Ninth Circuit has explained that 'consideration of the [u]se [o]ffset [is] appropriate' in determining the amount in

---

[3] Plaintiffs do not argue that their September 2, 2025 production of a copy of the purchase agreement and Plaintiffs' loan payoff history would have triggered the second 30-day window, Fitch Decl., Dkt. No. 17-1, ¶¶ 2, 4, so the Court does not address this issue. However, considering Defendant removed this action on September 12, 2025, removal would be timely in such case anyway.

[4] Defendant is incorporated in Delaware and has its principal place of business in Michigan. NOR at 3. Plaintiffs appear to concede their California citizenship. *See* Mot. at 2.

controversy because 'an estimate of the amount in controversy must be reduced if a specific rule of law of damages limits the amount of damages recoverable.'" *Covarrubias v. Ford Motor Co.*, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025) (quoting *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018)) (alterations in original). In addition, amendments to the SBA that took effect January 1, 2025, provide for other statutory offsets based on third-party supplied equipment and services, negative equity, manufacturer's rebate, and unpaid interest or financing costs. Cal. Civ. Code § 871.27(b)-(d), (f). "California courts have held that actual price paid or payable, includes all amounts plaintiffs become legally obligated to pay when they agreed to buy the vehicle." *Godoy v. Jaguar Land Rover N. Am., LLC*, 2024 WL 4682310, at *3 (N.D. Cal. Nov. 5, 2024) (quoting *Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 38 (2000)) (citation modified).

Here, the purchase price of the Vehicle was $43,460.25. Ex. A, Dkt. No. 17-2, at 2.[5] Because the Vehicle had 22,687 miles before Plaintiffs purchased it and 24,489 miles when Plaintiffs first delivered the Vehicle to the repair facility, Plaintiffs traveled a total of 1,802 miles in the Vehicle. *See id.*; Fitch Decl. ¶ 3. Dividing this number by 120,000 and multiplying this by the cash price of the Vehicle—$34,196.00—results in an estimated mileage offset of $513.51. Ex. A, Dkt. No. 17-2, at 3. Additionally, Defendant identified other offsets for optional third-party contracts amounting to a total of $1,500. Opp'n at 16; Ex. A, Dkt. No. 17-2, at 2. Finally, Defendant estimated $9,788.43 in unpaid financing based on loan payoff history documents revealing $16,742.07 in unpaid financing as of September 2025, and an estimated 12 additional monthly payments prior to resolution of trial and appeal. Opp'n at 16; Fitch Decl. ¶ 4; Ex. C, Dkt. No. 17-4.[6]

Thus, Defendant presented evidence that the actual damages at issue would be $31,658.31. Opp'n at 17.

### 2. Civil Penalties

The SBA permits recovery of a civil penalty "which shall not exceed two times the amount of actual damages." Cal. Civil. Code § 1794(c). This is only if the defendant's violations are willful. *Id.* Although district courts have found that

---

[5] The Court cites the ECF document page number for this exhibit.

[6] In calculating this number, Defendant estimates an additional 12 months of financing payments because "this case is unlikely to resolve early." Opp'n at 16.

civil penalties should be included in the amount in controversy if pled in the Complaint, many other district courts do not include civil penalties "unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021) (collecting cases). "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019). The "defendant must make some effort to justify the assumption." *Estrada v. FC US LLC*, 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (internal quotation marks and citations omitted). "District courts regularly find a plaintiffs' boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy." *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1068 (C.D. Cal. 2023).

Here, Defendant argues that "Plaintiffs have done more than merely state that they are seeking civil penalties, they specifically allege willfulness." Opp'n at 17. Additionally, Defendant notes that Plaintiffs presented the Vehicle for repair at least 17 times. *Id.* Notably, here, Plaintiffs concede that they seek "civil penalties of two times the actual damages." Mot. at 6. Plaintiffs argue that Defendant does not proffer evidence that Plaintiffs will receive the maximum amount of civil penalties. Reply at 6. However, here, Defendant does not need to establish the maximum amount of civil penalties in order to reach the amount in controversy. Particularly in light of Plaintiffs' concession, and the fact that the Vehicle was brought in for repair at least 17 times, the Court finds that Defendant has sufficiently carried its burden to show that at least $43,341.69 in civil penalties is in controversy. Plaintiffs further argue that civil penalties cannot be calculated because Defendant's estimate of actual damages is fatally speculative. Reply at 8-9. However, as discussed above, Defendant presents evidence of the amount of actual damages in controversy based on the purchase agreement, its review of Plaintiffs' repair history, and a calculation of relevant offsets. Accordingly, the Court disagrees that Defendant's estimate of actual damages is speculative.

Because $31,658.31 in actual damages and at least $43,341.69 in civil penalties is in controversy, Defendant has demonstrated by a preponderance of the evidence that the amount in controversy is met for this Court to exercise jurisdiction over this matter.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**